## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:26-cv-01454-DOC-JDEx                              Date: June 29, 2026

Title: Jonathan Gabriel v. Micro Electronics, Inc. et al

---

PRESENT: THE HONORABLE DAVID O. CARTER, JUDGE

| Priscilla Deason for Karlen Dubon | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

## I.      Background

This is an employment action. Plaintiff Jonathan Gabriel ("Plaintiff") brings this putative class action on behalf of a proposed class of more than 100 individuals against Micro Electronics, Inc. ("Micro Electronics") and Does 1-50, inclusive (collectively the "Defendants"). Notice of Removal ("Not.") (Dkt. 1).

Plaintiff is a California citizen who worked for Defendant Micro Electronics, a Delaware corporation. ("Complaint" or "Compl.") (Dkt. 1, Ex. A) ¶¶ 10-17. Plaintiff seeks to represent a class of all California citizens employed by Defendants as non-exempt employees in the state of California between March 2, 2022, and the date of class certification, totaling about 346 members. Not. ¶ 22. Additionally, Micro Electronics terminated the employment of approximately 156 putative class members within the three years preceding the filing of Plaintiff's Complaint. *Id.* ¶ 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:26-cv-01454-DOC-JDE                                    Date: June 29, 2026
                                                                             Page 2

Plaintiff alleges that Defendants have increased their profits by violating state wage and hour laws. Compl. ¶¶ 26-36. Plaintiff asserts the following causes of action:

(1) Failure to pay all wages (including minimum wage);
(2) Failure to pay overtime;
(3) Failure to provide lawful meal periods or provide compensation in lieu thereof;
(4) Failure to permit rest breaks;
(5) Failure to reimburse business expenses;
(6) Failure to provide accurate itemized wage statements;
(7) Failure to pay all wages due upon separation of employment;
(8) Violation of Business and Professions Code §§ 17200, *et seq*.

*See generally* Compl.

Plaintiff seeks monetary relief against Defendants to recover unpaid wages, un-reimbursed business expenses, benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to violations under Labor Code §§ 201, 202, 203, 204, 210, 226, 226.2, 226.7, 227.3, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198, 2800, 2802; Code of California Civil Procedure § 1021.5; IWC Wage Order §§ 3, 4, 11, 12; and Business and Professions Code §§ 17200, *et seq*. Compl. ¶¶ 5, 37-104.

Defendants allege that six of Plaintiff's claims add up to provide a total amount in controversy of $4,208,773.60. Not. ¶ 42. Specifically, they contend that Plaintiff's second cause of action provides at least $1,589,803.20, the third at least $353,289.60, the fourth at least $706,579.20, the fifth about $423,000, the sixth at least $372,700, and the eighth at least $763,401.60. *Id*. ¶¶ 27-40. Defendants then contend that attorney's fees, if considered, would add at least $1,052,193.40. *Id*. ¶ 42.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on March 2, 2026. Not. ¶ 1. Plaintiff served his Complaint on Defendants on May 8, 2026. *Id*. ¶ 3. On June 8, 2026, Defendants removed the action to this Court, asserting subject matter jurisdiction under the Class Action Fairness Act. *Id*. ¶ 11.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01454-DOC-JDE                                    Date: June 29, 2026
                                                                                           Page 3

relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Pursuant to the Class Action Fairness Act ("CAFA"), federal diversity jurisdiction is established in an action where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than the threshold, the jurisdictional requirement is "presumptively satisfied." *See id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than the amount-in-controversy threshold is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [the amount-in-controversy],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [the amount-in-controversy]." *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged the amount-in-controversy in its complaint or has affirmatively alleged an amount *less* than the amount-in-controversy in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01454-DOC-JDE                                    Date: June 29, 2026
                                                                                  Page 4

minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.    Discussion

Defendants argue that this Court has subject matter jurisdiction under CAFA in this action. Not. ¶ 11. The Court disagrees.

Defendants have not met their burden to show that the amount in controversy requirement is satisfied. Defendants estimate the value of six of Plaintiff's eight claims in their calculations of the amount in controversy at the time of removal. *Id*. ¶ 42. Plaintiffs provide no calculation or estimate for the other two claims, so they should not be considered in this evaluation. *See Guglielmino*, 506 F.3d at 699 ("We have since applied the preponderance holding in *Sanchez* to complaints filed under the Class Action Fairness Act ('CAFA') that do not specify a particular amount in controversy.") Accordingly,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01454-DOC-JDE                                    Date: June 29, 2026
                                                                 Page 5

Plaintiff's past economic damages at the time of removal are estimated at $4,208,773.60.[1] This amount clearly does not reach the required $5,000,000 minimum required by CAFA.

To reach the jurisdictional threshold, Defendants additionally ask the Court to include speculative awards and fees. Specifically, Defendants contend that attorney's fees would add at least $1,052,193.40. *Id*. ¶ 42. If considered, this would bring the total amount in controversy to at least $5,260,967.00. *Id*. However, this Court does not include these types of speculative damages or civil penalties when calculating the amount in controversy. *See Traxler*, 596 F.3d at 1011; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Because Defendants have not satisfied their burden to show that more than $5,000,000 is at issue in this case, the Court lacks diversity jurisdiction.

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy for class action suits since the Class Action Fairness Act's enactment in 2005—over two decades ago.[2] *See* The Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453. Since then, the inflation rate is just over 70%. Thus, adjusted for inflation, the amount in controversy should be around $8,525,000. Stated conversely, a case worth $5,000,000 in 2005 is worth only $3,010,000 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more class action cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. This increased motion work can quickly cause attorneys' fees to outrun potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum required for class action suits.

---

[1] $1,589,803.20 + $353,289.60 + $706,579.20 + $423,000 + $372,700 + $763,401.60 = $4,208,773.60
[2] For reference, in 2005, the minimum wage was $5.15 per hour, and only 2% of Americans had smartphones.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01454-DOC-JDE                                        Date: June 29, 2026
                                                                                              Page 6

## IV.     Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                        Initials of Deputy Clerk: Pd/kdu
CIVIL-GEN